**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

In Re:

                                   **Case No. 18-24646-RBR**

**Michael Pagano**

    **Debtor.**

_____/

**CHAPTER 7 TRUSTEE'S APPLICATION TO EMPLOY BK GLOBAL**
**REAL ESTATE SERVICES TO PROCURE LENDER APPROVED PUBLIC**
**SHORT SALE _NUNC PRO TUNC_ TO FEBRUARY 18, 2019**

The Chapter 7 Trustee, Chad Paiva, files this Application to Employ BK Global Real Estate Services to Procure Lender Approved Public Short Sale _Nunc Pro Tunc_ to February 18, 2019, pursuant to 11 U.S.C. § 327 and F.R.B.P. 2014(a), and in support thereof states as follows:

    1.     Chad Paiva, is the duly qualified and acting Chapter 7 Trustee of the bankruptcy estate of Michael Pagano.

    2.     The Debtor is the sole owner of non-exempt residential real property and improvements located at 31 Seaside Court, Margate, NJ 08402 ("Real Property"). A true and correct copy of the current deed of ownership containing the legal description for the Real Property is attached hereto as Exhibit "A".

    3.     The Real Property is property of the estate pursuant to 11 U.S.C. §541(a)

    4.     The Real Property is subject to a first mortgage in favor of Mr. Cooper f/k/a Nationstar Mortgage.

    5.     According to the Motion for relief from stay filed by Mr. Cooper (DE#12), the outstanding debt against the Real Property as of December 12, 2018 was $1,729,899.96 million dollars and the mortgage is ten plus years in arrears.

6.     There is no dispute that the mortgage debt against the Real Property substantially exceeds the value of the Real Property.

7.     The Handbook for Chapter 7 Trustees published by the Executive Office of the United States Trustee, states on pages 4 – 14 under Section 9 "Sales of Assets" (a) General Standards "A trustee may sell assets only if the sale will result in a meaningful distribution to creditors.  The Section further states "the trustee may seek a "carve-out" from a secured creditor and sell the property at issue if the "carve-out" will result in a meaningful distribution to creditors.  Further, the Section states "The trustee must also consider whether the cost of administration or tax consequences of any sale would significantly erode or exhaust the estate's equity interest in the asset."

8.     BK Global Real Estate Services ("BK Global"), a division of BK Global Holdings, LLC, has expertise and experience in assisting bankruptcy trustees in negotiating with secured creditors to accomplish the following:

      a. Sell the Real Property under 11 U.S.C. §363(b) to whichever party the Chapter 7 Trustee determines to have made the best qualified offer with the sale approved by the Court, pursuant to 11 U.S.C. § 363;

      b. Negotiate the release price for the senior mortgage with a wavier of all claims against the estate with respect to the Real Property (including any deficiency claims resulting from the proposed sale); and

      c. Negotiate the estate's surcharge, real estate commission and closing costs in conjunction with the §363 sale of the Real Estate so as to provide a meaningful carve out for the benefit of the unsecured creditors of the estate.

9.     BK Global will assist the Chapter 7 Trustee in negotiations with the first mortgage holder to obtain the consent for the sale of the Real Property with an agreed

upon carve out for the estate, approval of the real estate commission of 6%, with BK Global to receive 2% of that commission, and closing costs.

10.     BK Global will not be entitled to any fees if the first mortgage holder does not grant its consent or the Court does not grant the motion to approve the sale of the Real Property.

11.     In no event will the bankruptcy estate have any obligation to pay BK Global or the realtor to be retained by the Trustee to list and market the Real Property for their services should there be no sale of the Real Estate.  The terms of the listing agreement and this Application provide that BK Global and listing real estate agent and any participating agent are only entitled to payment if and when (a) the mortgage lender, Mr. Cooper, consents to the sale of the Real Property with an agreed upon carve out for the estate (b) a motion to approve a contract for sale agreed to by Mr. Cooper, is granted and (c) the Real Property is sold, in which event BK Global and listing agent will receive a six percent (6%) real estate brokerage commission and obtain reimbursement of any out-of-pocket expenses.

12.     The Trustee believes that the highest and best value for the Real Property will be generated through a sale in which the Real Property is widely marketed to the public and offered at the highest price that the market will bear.  The Trustee further believes that such a sale is in the best interest of the Debtor's bankruptcy estate, but can only be achieved if Mr. Cooper consents to the sale.   The Chapter 7 trustee believes that retaining BK Global and/or an associated real estate professional to obtain the secured creditor's consent is in the best interest of the Debtor's bankruptcy estate.

13.     The Trustee believes that the terms of employment and compensation of 2% of the 6% real estate commission as set forth in this application and the listing agreement between BK Global and the Trustee attached hereto as Exhibit "B" are reasonable in light of the extensive experience BK Global has with negotiating short sales of this kind, and the nature of the services they provide.

14.     As set forth in the affidavit attached hereto as Exhibit "C", BK Global is a disinterested person within the meaning of Section 101(14) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014 and 2016(a).

WHEREFORE, based upon the foregoing, the Chapter 7 trustee seeks the Court's authority to retain BK Global in this case and requests that the Court approve the compensation arrangements set forth in the listing agreement and this application, pursuant to Sections 327, 328(a) and 330 of the Bankruptcy Code; and for such other and further relief as the Court determines is appropriate.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by regular U.S. Mail to the parties listed below in the manner indicated, on this the 21st day of February, 2019.

By: /s/ Chad S. Paiva, Trustee
Chad S. Paiva, Trustee
525 Okeechobee Boulevard,
Suite #900
West Palm Beach FL 33401
Telephone:  (561) 227-2370
Email: trustee@gmlaw.com

**Via ECF/CM:**

- Kenia L Molina    kmolina@flwlaw.com, kenia@keniamolina.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov

4

**Via Regular Mail**:

Michael A Pagano, Debtor
3209 North East 10 St #4
Pompano Beach, FL  33062

Patrick Butler
BK Global Real Estate Services
1095 Broken Sound Parkway, N.W.
Suite 100
Boca Raton, FL  33487

ALL CREDITORS AND INTERESTED PARTIES LISTED ON THE COURT MAILING
MATRIX ATTACHED HERETO

# Deed

This Deed is made on January 22, 2003
BETWEEN
JOSEPH R. PAGANO

whose post office address is
31 Seaside Ct.
Margate, NJ 08402
referred to as the Grantor,
AND
MICHAEL A. PAGANO

whose post office address is
31 Seaside Ct.
Margate, NJ 08402
referred to as the Grantee.
The words "Grantor" and "Grantee" shall mean all Grantors and all Grantees listed above.



Instr #      3009998
Recorded/Filed          CL        MICHAEL J. GARVIN
01/28/2003   14:05        Atlantic County Clerk
                          Bk 7395 Pg 1 of 4    PAG

1. Transfer of Ownership.    The Grantor grants and conveys (transfers ownership of) the property described below
to the Grantee. This transfer is made for the sum of  $1.00
One Dollars and No Cents
The Grantor acknowledges receipt of this money.

2. Tax Map Reference.    (N.J.S.A. 46:15-1.1) Municipality of Margate City
Block No.    610.01    Lot No.    77    Qualifier No.          Account No.
☐ No property tax identification number is available on the date of this Deed. (Check box if applicable.)

3. Property.    The Property consists of the land and all the buildings and structures on the land in
the          City          of                    Margate City
County of Atlantic                    and State of New Jersey. The legal description is:

[X] Please see attached Legal Description annexed hereto and made a part hereof.  (Check box if applicable.)

Prepared by (print signer's name below signature)          (For Recorder's Use Only)

KEITH A. BONCHI, ESQUIRE

100 - Deed - Quitclaim - Ind. or Corp.          Powered by          ©1996 by ALL-STATE LEGAL®
Plain Language                                                    A Division of ALL-STATE International, Inc.
Rev. 1996  P10/00                                                 www.aslegal.com   800-822-9619



EXHIBIT
A

NC1545 - Affidavit of Consideration
RTF-1 (Rev. 1/03)
P440

**STATE OF NEW JERSEY**
**AFFIDAVIT OF CONSIDERATION OR EXEMPTION**
(P.L. 1968, c. 49)

ALL-STATE Legal®
A Division of ALL-STATE International, Inc.
Page 1

PART I
(P.)

To be recorded with Deed pursuant to P.L. 1968, c. 49.

| | |
|---|---|
| Consideration: | 1.00 |
| County: | 0.00 |
| State: | 0.00 |
| N.P.R.F.: | 0.00 |
| Realty Tax: | 0.00 |
| Fees: | 48.00 |

STATE OF NEW JERSEY
COUNTY OF  ATLANTIC  ss.

**(1) PARTY OR LEGAL REPRESENTATIVE**  (See Instr.)

Deponent  JOSEPH R. PAGANO  , being duly sworn according to law upon his/her oath
(Name)

deposes and says that he/she is the  Grantor  in a deed dated  1/ /03 ,
(State whether Grantor, Grantee, Legal Representative, Corporate Officer, Officer of Title Co., Lending Institution, etc.)

transferring real property identified as Block No.  610.01  Lot No.  77

located at  31 Seaside Ct., Margate, Atlantic County, NJ
(Street Address, Municipality, County)

and annexed hereto.

**(2) CONSIDERATION**  (See Instruction #6.)

Deponent states that, with respect to deed hereto annexed, the actual amount of money and the monetary value of any other thing of value constituting the entire compensation paid or to be paid for the transfer of title to the lands, tenements or other realty, including the remaining amount of any prior mortgage to which the transfer is subject or which is to be assumed and agreed to be paid by the grantee and any other lien or encumbrance thereon not paid, satisfied or removed in connection with the transfer of title is $ 1.00

**(3) FULL EXEMPTION FROM FEE**  Deponent claims that this deed transaction is fully exempt from the Realty Transfer Fee imposed by P.L. 1968, c. 49 for the following reason(s): Explain in detail. (See Instruction #7.) Mere reference to exemption symbol is not sufficient.

   (a) For a consideration of less than $100.00

**(4) PARTIAL EXEMPTION FROM FEE**   NOTE: All boxes below apply to grantor(s) only.  **ALL BOXES IN APPROPRIATE CATEGORY MUST BE CHECKED.**  Failure to do so will void claim for partial exemption. (See Instructions #8 and #9.)

Deponent claims that this deed transaction is exempt from the increased portion of the Realty Transfer Fee imposed by P.L. 1975, c. 176 for the following reason(s):

| | | | |
|---|---|---|---|
| **A)** | **SENIOR CITIZEN** (See Instruction #8.) | ☐ | Owned and occupied by grantor(s) at time of sale. |
| | ☐ Grantor(s) 62 yrs. of age or over.* | ☐ | Owners as joint tenants must all qualify except in the case of a spouse. |
| | ☐ One- or two-family residential premises. | | |

| | | | |
|---|---|---|---|
| **B)** | **BLIND** (See Instruction #8.) | **DISABLED** (See Instruction #8.) | |
| | ☐ Grantor(s) legally blind.* | ☐ Grantor(s) permanently and totally disabled.* | |
| | ☐ One- or two-family residential premises. | ☐ One- or two-family residential premises. | |
| | ☐ Owned and occupied by grantor(s) at time of sale. | ☐ Receiving disability payments. | |
| | | ☐ Owned and occupied by grantor(s) at time of sale. | |
| | ☐ No owners as joint tenants other than spouse or other qualified exempt owners. | ☐ Not gainfully employed. | |
| | | ☐ No owners as joint tenants other than spouse or other qualified exempt owners. | |

* IN THE CASE OF HUSBAND AND WIFE, ONLY ONE GRANTOR NEED QUALIFY

| | | | |
|---|---|---|---|
| **C)** | **LOW AND MODERATE INCOME HOUSING** (See Instruction #8.) | | |
| | ☐ Affordable According to HUD Standards. | ☐ Reserved for Occupancy. | |
| | ☐ Meets Income Requirements of Region. | ☐ Subject to Resale Controls. | |

| | | | |
|---|---|---|---|
| **D)** | **NEW CONSTRUCTION** (See Instruction #9.) | | |
| | ☐ Entirely new improvement. | ☐ Not previously occupied. | |
| | ☐ Not previously used for any purpose. | | |

Deponent makes this Affidavit to induce the County Clerk or Register of Deeds to record the deed and accept the fee submitted herewith in accordance with the provisions of P.L. 1968, c. 49.

Subscribed and sworn to before me
this 22
day of  January, 2003

_Joseph R. Pagano_
Joseph R. Pagano
31 Seaside Ct.
Margate, NJ  08402
Address of Deponent

_Joseph R. Pagano_
Name of Grantor (type or show line)

31 Seaside Ct.
Margate, NJ  08402
Address of Grantor at Time of Sale

ANNE M. BRUNO
NOTARY PUBLIC OF NEW JERSEY #8741
My Commission Expires June 10, 2007

| FOR OFFICIAL USE ONLY This space for use of County Clerk or Register of Deeds. | |
|---|---|
| Instrument Number _____ County _____ | |
| Deed Number _____ Book _____ Page _____ | |
| Deed Dated _____ Date Recorded _____ | |

**IMPORTANT - BEFORE COMPLETING THIS AFFIDAVIT, PLEASE READ THE INSTRUCTIONS ON THE REVERSE SIDE HEREOF.** This format is prescribed by the Director, Division of Taxation in the Department of the Treasury, as required by law, and may not be altered without the approval of the Director.

ORIGINAL - To be retained by County.
DUPLICATE - To be forwarded by County to Division of Taxation on partial exemption from fee (N.J.A.C. 18:16 - 8.12)
TRIPLICATE - Is your file copy.

**ORIGINAL AND DUPLICATE COPY MUST BE SUBMITTED WITH DEED TO COUNTY RECORDING OFFICER**

## LEGAL DESCRIPTION

ALL THAT CERTAIN lot, tract or parcel of land and premises situate, lying and being in the City of Margate, County of Atlantic and State of New Jersey; bounded and described as follows:

BEGINNING at the intersection of the East line of Seaside Court (width varies) and the division line between Lots 77 and 1 in Block 610.01 as shown on the Margate City Tax Map and extending from said BEGINNING point; thence:

1)  North 68 degrees 05 minutes 23.8 seconds West, in and along said line a distance of 149.654 feet to a point; thence

2)  North 25 degrees 33 minutes 58 seconds East, a distance of 19.652 feet to a point; thence

3)  North 66 degrees 30 minutes 00 seconds East, a distance of 94.62 feet to a point; thence

4)  South 26 degrees 57 minutes 27.4 seconds East, a distance of 74.014 feet to a point; thence

5)  South 68 degrees 05 minutes 23.8 seconds East, a distance of 19.253 feet to a point in the aforesaid East line of Seaside Court; thence

6)  In a Southerly direction and curving to the right along the arc of a circle having a radius of 50.00 feet, an arc distance of 40.00 feet to the point and place of BEGINNING.

TOGETHER WITH a 13.00 feet wide drainage easement along the aforesaid division line between Lots 77 and 1 in Block 610.01. Said easements Northerly line being 10.00 feet North of said division line.

KNOWN AS Lot 77 in Block 610.01 on the Tax Map of the City of Margate.

BEING the same premises which became vested in Joseph R. Pagano and Michael Anthony Pagano, as Joint Tenants, by deed from Joseph R. Pagano dated September 23, 2002 and recorded November 7, 2002 as Instrument #2101522 in the ATLANTIC County Clerk's Office.

The street address of the Property is:

**31 Seaside Ct., Margate, NJ**

**4. Type of Deed.**    This Deed is called a Quitclaim Deed. The Grantor makes no promises as to ownership or title, but simply transfers whatever interest the Grantor has to the Grantee.

**5. Signatures.**    The Grantor signs this Deed as of the date at the top of the first page.    If the Grantor is a corporation, this Deed is signed and attested to by its proper corporate officers and its corporate seal is affixed. (Print name below each signature).

Witnessed or Attested by:

_____(Seal)

_____(Seal)

JOSEPH R. PAGANO

STATE OF NEW JERSEY, COUNTY OF ATLANTIC          SS:
I CERTIFY that on January 22, 2003
JOSEPH R. PAGANO

personally came before me and stated to my satisfaction that this person (or if more than one, each person):
(a) was the maker of this Deed;
(b) executed this Deed as his or her own act; and,

(c) made this Deed for $ 1.00                                                 as the full and actual consideration paid or to be paid for the transfer of title. (Such consideration is defined in N.J.S.A. 46:15-5.)

IN COMPLIANCE WITH STATUTE I HAVE PRESENTED
AN ABSTRACT OF THE WITHIN DEED TO ALL ASSESSORS
OF THE TAXING DISTRICT THEREIN MENTIONED

_____
ATLANTIC COUNTY CLERK

_____
(Print name and title below signature)

ANNE M. BRUNO
NOTARY PUBLIC OF NEW JERSEY #9741
My Commission Expires June 18, 2007

STATE OF NEW JERSEY, COUNTY OF                          SS:
I CERTIFY that on

personally came before me and stated to my satisfaction that this person (or if more than one, each person):
(a) was the maker of the attached Deed;
(b) was authorized to and did execute this Deed as
of                                                                              the entity named in this Deed;

(c) made this Deed for $ 1.00                                                 as the full and actual consideration paid or to be paid for the transfer of title. (Such consideration is defined in N.J.S.A. 46:15-5.); and
(d) executed this Deed as the act of the entity.

RECORD AND RETURN TO:

Liberty Title Agency
2300 New Road
P.O. Box 655
Northfield, NJ 08225
609-484-0500

_____
(Print name and title below signature)

IN COMPLIANCE WITH STATUTE I HAVE PRESENTED
AN ABSTRACT OF THE WITHIN TO ALL ASSESSORS
OF THE TAXING DISTRICT THEREIN MENTIONED

_____
ATLANTIC COUNTY CLERK

106 - Deed - Quitclaim - Ind. or Corp.
Plain Language
Rev. 10/98  P10/00



End of Document

Powered by
H[?]Docs

©1998 by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com    800-222-0510         Page 2

LA15235c

## EXHIBIT A

### BK Global Real Estate Brokerage Listing Agreement

This Real Estate Brokerage Listing Agreement ("Agreement") is between

**Chad Paiva solely in his capacity as Chapter 7 Bankruptcy Trustee for Michael Pagano, Case No.: 18-24646-RBR, United States Bankruptcy Court, Southern District of Florida** ("Trustee"), and **BK Global Real Estate Services LLC** ("Broker")

**Authority to Sell Property:** Trustee gives Broker the right to be the EXCLUSIVE BROKER in the sale of the real property (" Real Property") described below:

### 31 SEASIDE CT MARGATE, NJ 08402

Upon full execution of a contract for sale and purchase of the Real Property and court approval, all rights and obligations of this Agreement will automatically extend through the date of the actual closing of the sales contract. **Trustee** and **Broker** acknowledge that this Agreement does not guarantee a sale. This Real Property will be offered to any person without regard to race, color, religion, sex, handicap, familial status, national origin, or any other factor protected by federal, state, or local law. **Trustee** certifies and represents that he is legally entitled to convey solely the Debtor's interest in the Real Property and all improvements. The **Trustee** makes no representation as to the rights of the Debtor's non-debtor spouse, Janet Pagano, in the Real Property under New Jersey law.

**Price:** The starting listing price of the Real Property will be: $649,000. If there are no acceptable offers after 15 days, the list price will be reduced 4% and will reoccur every 20 days until the earlier of the expiration of the listing agreement, the execution of a contract for the sale of the Real Property, or the first mortgage lender, Mr. Cooper, obtaining relief from the automatic stay.

**Brokers Obligations:** Broker will assist the Trustee to make commercially reasonable efforts to procure the consent and agreement of the senior mortgagee ("Secured Creditor") to:

  a) Sell the Real Property under 11 U.S.C. §363(b) to whichever third party the Trustee determines to have made the best qualified offer during a public sale approved by the court;

  b) Release its lien with respect to the Real Property; and

  c) Agree to a 11 U.S.C. §506 surcharge in conjunction with the §363 sale motion for the Real Property to pay an agreed upon carve out to the bankruptcy estate, and all closing costs of sale including commissions payable to BK Global and the local real estate broker.

**Brokers Duties:** Broker duties will include but will not be limited to the following services;



- Researching the real estate, running title and lien searches to identify creditors for resolution and any title issues.
- Advising the Trustee of any issues and discussing potential resolutions.
- Conducting the resolutions under the Trustee's direction.
- Assisting the Trustee in the preparation of documents and information for employment of the BK Global and local listing broker.
- Making and identifying the correct contact with the first mortgage holder, Mr. Cooper..
- Notifying Mr. Cooper of any contract for sale, and obtaining approval for the sale of the Real Property from Mr. Cooper.
- Assisting the Trustee in negotiating an acceptable sales price, release price and carve-out for the estate.
- Use of the BK Global technology platform.
- Assist the trustee in the review of all offers and coordinate the final documentation of the offer accepted by the trustee.
- Managing contract requirements such as inspections, appraisals and HOA applications.
- Coordinating closings and assisting the trustee in the collection of required information for court filing.
- Closing the transaction and ensure the estate has received the agreed upon carve out.

**Local Listing Brokers Obligations: Broker** will select a **Local Listing Broker** to co-list the Real Property and provide limited services. **Trustee** will retain both **Broker** and the **Local Listing Broker** to market the Real Property for sale to the public under a separate listing agreement.

**Local Listing Brokers Duties:** Local Listing Brokers duties will include but will not be limited to the following services;

- Inspecting the Real Property and completing a broker's price opinion.
- Listing the Real Property in the multiple listing service (MLS).
- Posting a for sale sign in the yard and coordinating showings.

**Trustee Obligations:** In consideration of **Broker's** obligations, **Trustee** agrees to:

a) Cooperate with **Broker** in carrying out the purpose of this Agreement
b) ~~Provide **Broker** with keys to the Property and make the Property available for **Broker** to show during reasonable times.~~
c) File all court motions and documents in a timely manner to ensure a successful sale of the Property.
d) Advise **Broker** of any special issues or court requirements.

**Compensation: 6% Real Estate Commission** will be paid out of the proceeds off the sale and is due and paid at closing. The commission will cover the costs of the **Broker, Local Listing Broker** and **Buyers Broker**. The commission will be paid as follows:

- 2% Broker

- 2% Local Listing Broker
- 2% Buyers Broker

**Term of Agreement:** The term of this Agreement will commence when signed by the **Trustee** and the court approves it.  This Agreement will automatically terminate upon the closing of the sale of the Property, or it may be terminated by either party for any or no reason after 180 days from commencement. In addition, this Agreement will be terminated if the **Trustee** files a Report of No Distribution, files a Notice of Abandonment of the subject property, or submits a Trustee's Final Report to the Office of the United States Trustee.

**Broker** acknowledges and agrees that (a) the **Trustee** is not executing this Agreement in an individual capacity, but solely as bankruptcy trustee of the Michael Pagano bankruptcy estate, (b) **Broker** does not and will not have any right or claim with respect to the estate and (c) **Brokers** sole recourse for payment of real estate commission, fees and expenses will be paid at closing with court approval and consent of the secured creditor.

This Agreement and the attached Addendum constitutes the complete agreement on this matter, and may not be modified or amended except in a writing signed by both parties.

**The effective date of this agreement is** _FEBRUARY 18, 2019_.

**BROKER:**

By:_____   Acknowledged and agreed as of the date set forth above.
    Patrick Butler, Broker-in-Charge

**TRUSTEE:**

_____   Acknowledged and agreed as of the date set forth above.
Chad Paiva, not individually but solely as Trustee in the referenced matter.

# ADDENDUM TO SEPARATE LISTING AGREEMENTS BETWEEN THE CHATPER 7 TRUSTEE, CHAD S. PAIVA, AND BOTH BK GLOBAL AND SOLEIL SOTHEBY'S INTERNATIONAL REALTY FOR SALE OF REAL PROPERTY LOCATED AT 31 SEASIDE COURT, MARGATE, NEW JERSEY ("REAL PROPERTY")

1.      Retention of the Exclusive Broker, BK Global, and Local Listing Agent, Soleil Sotheby's International Realty, and the listing agreement executed by the Trustee with both entities is subject to bankruptcy court approval.

2.      Except for warranty of title and as set forth in paragraph 3 below, the sale of the Real Property is "as is", "where is", and without warranty or representation either express or implied.

3.      The sale is contingent upon the Debtor's non-debtor spouse, Janet Pagano, executing any documents of transfer as may be required under New Jersey law;

4.      This is a short sale.  Accordingly, any sale for the contract of the Real Property is contingent upon the approval of the mortgage lender, Mr. Cooper f/k/a Nationstar Mortgage and the Trustee's acceptance of the carve out for the bankruptcy estate offered by Mr. Cooper.

5.      The Trustee's acceptance of sale is contingent upon Mr. Cooper agreeing to the 6% real estate commission and all costs of closing, and release of its mortgage and any deficiency claim against the bankruptcy estate.

6.      The sale of the Real Property pursuant to any contract for sale approved by Mr. Cooper is contingent upon bankruptcy court approval after notice to all creditors.

7.      The Trustee has the absolute right to abandon the Real Property and cancel the listing agreements with Bk Global and Soleil Sotheby's International Realty at any time.

8.      The Trustee, Chad S. Paiva, is not executing either the listing agreement with BK Global or the listing agreement with Soleil Sotheby's International Realty in his individual capacity, but solely as Bankruptcy Trustee of the Michael Pagano bankruptcy estate, BK Global nor Soleil Sotheby's International Realty shall have any right or claim against the Trustee or bankruptcy estate for payment of any fees or costs should there be no sale of the Real Property for any reason, and BK Global's and Soleil Sotheby's International Realty's sole recourse for payment of real estate commission, fees and expenses shall be from the agreed upon surcharge to be paid by Mr. Cooper at the closing of the Bankruptcy Court approved contract for sale of the Real Property.

9.      This document may be signed in counterparts.

Date: _____2/19/2019_____     _Ashley Franchini_

By:  Ashley Franchini, Soleil Sotheby's International Realty

Date: _2/19/19_     _____

By:  Patrick Butler, BK Global

Date: _2/21/19_     _____

By: Chad Paiva, Trustee in Bankruptcy for Michael Pagano

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| | : | Case No. 18-24646 |
| | : | |
| Debtor | : | |
| Michael Pagano | : | |
| | : | |
| | : | |

### DECLARATION OF PATRICK BUTLER IN SUPPORT OF APPLICATION TO RETAIN BK GLOBAL REAL ESTATE SERVICES AND SOLEIL SOTHEBYS INTERNATIONAL REALTY TO PROCURE CONSENTED PUBLIC SALE PURSUANT TO 11 U.S.C. § 327, 328 AND 330

The undersigned, Patrick Butler ("Declarant") hereby states:

1.    I am employed by BK Global Real Estate Services ("Applicant" or "BKRES"), which is an entity duly licensed as a real estate brokerage by the State of Florida located at 1095 Broken Sound Parkway, N.W., Suite 100, Boca Raton, FL 33487.  I am Applicant's broker-in-charge and am authorized by Applicant to submit this Declaration on Applicant's behalf in support of the annexed Application to Retain BKRES and in accordance with Bankruptcy Rule 2014.

2.    Based upon the information discussed below, I believe that Applicant is a disinterested person and does not hold or represent any interest adverse to the interest of the Debtor's estate as that term is defined in Section 101(14) of the Bankruptcy Code.

3.    To the best of my knowledge:   (a) neither BKRES nor any of its employees has any connection with the Debtor, its creditors in this case, the Chapter 7 Trustee, the Office of the United States Trustee, or any employees thereof or any party in interest herein; (b) BKRES and each of its employees are "disinterested persons," as that term is defined in Section 101(14) of the Bankruptcy Code; and (c) neither BKRES nor any of its employees hold or represent an interest adverse to the Debtor's estate.



4.    A description of the qualifications of, and services provided by, BKRES is attached as Schedule 1.

5.    That I have read the application of the Trustee regarding the retention and compensation of BKRES and agreed to be bound by the terms and conditions represented therein.

6.    That I further understand that the Court, in its discretion, may alter the terms and conditions of employment and compensation, as it deems appropriate.

Verified under penalty of perjury that the foregoing is true and correct this ⁴⁄ day of February, 2019.

Patrick Butler
Broker-in-Charge

The foregoing instrument was sworn to and subscribed before me this ⁴⁄ day of February, 2019, by Patrick Butler who provided identification or is personally known to me and who did take an oath.

NOTARY PUBLIC

Notary Public, State of Florida

My Commission Expires



Notary Public State of Florida
Tasha Santora
My Commission GG 065439
Expires 01/24/2021

## **SCHEDULE I**

BK Global Real Estate Services is a licensed real estate brokerage by the State of Florida, located at 1095 Broken Sound Parkway N.W., Suite 100, Boca Raton, Florida, 33487.

BK Global Real Estate Services has a strong background and extensive experience in dealing with the mortgage servicing industry and is considered an expert in assisting in the negotiations with secured creditors whose debt is in excess of the market value of the real property and in negotiating short sales.

BK Global Real Estate Services has been providing real estate services to Chapter 7 bankruptcy trustees since 2014.

BK Global Real Estate Services has developed a process to assist Chapter 7 trustees in the sale of over-encumbered real estate to obtain the consent of the secured creditor to allow the Chapter 7 trustee to sell the real property and to assist the Chapter 7 trustee in negotiating a carve out for the bankruptcy estate that will provide a meaningful distribution to the unsecured creditors..

BK Global Real Estate Services is to be retained by the Chapter 7 trustee pursuant to 11 U.S.C. § 327. The first step is for BK Global Real Estate Services to assist the Chapter 7 trustee in obtaining the consent of the secured creditor to allow the Chapter 7 trustee to sell the secured real estate. Those negotiations will include establishing a carve-out of the sale proceeds to the bankruptcy estate that will provide a meaningful distribution to unsecured creditors.

In addition, a carve out will be established to pay a real estate commission to BK Global Real Estate Services and a local real estate licensed broker. In addition, as part of the negotiations, the secured creditor will be required to waive the filing of any deficiency claim.

Once the Court has approved the retention of BK Global Real Estate Services and the local real estate licensed broker, then the real property will be listed for sale at an agreed listing price by the secured creditor.

A motion will be filed to approve the settlement and compromise reached between the Chapter 7 trustee and the secured creditor.

BK Global Real Estate Services has successfully assisted Chapter 7 trustees in 33 court districts in the consented program. BK Global Real Estate Services does this by achieving the highest sale prices for properties as opposed to the more common "discounted sale" often presented to secured creditors by less experienced service providers. The transaction is never consummated unless the carve-out percentage or fee is sufficient to provide a meaningful distribution to unsecured creditors. BK Global Real Estate Services has standards in the mortgage industry whereby all parties can have a mutually beneficial outcome to the sale. The sale of over-encumbered real estate in bankruptcy presents a superior outcome to all parties.

- Unsecured creditors achieve a meaningful distribution on many more bankruptcy cases than they do on 'no asset' cases;

- The Chapter 7 trustee is able to conduct these transactions in a very cost-effective manner substantiating the carve-out amounts generated in these sales; and

- Secured creditors achieve more favorable recovery than they would via foreclosure including minimized compliance risk.

Page 4-2 of the Handbook for Chapter 7 Trustee states that by virtue of 11 U.S.C. § 323(a) the trustee is a representative of the estate. Further, the handbook states, "The trustee is a fiduciary charged with protecting the interest of all estate beneficiaries – namely, all classes of creditors, including those holding secured, administrative, priority and non-priority unsecured claims, as well as the debtor's interest in exemptions and in any possible surplus property."

BK Global Real Estate Services is a licensed Real Estate Broker and acts in the capacity as a licensed agent/broker. As a member of the real estate professional association, BK Global Real Estate Services is permitted to work with local brokers and share fees for work conducted. Section 504(b) of the Bankruptcy Code permits the compensation BK Global Real Estate Services receives for work conducted on a case.

BK Global Real Estate Services has developed a nationwide network of licensed real estate brokers that are trained in the sale of over-encumbered real estate in bankruptcy. BK Global Real Estate Services co-lists the real estate with one of our local trained licensed brokers. The trustee hires both BK Global Real Estate Services and the local broker to perform the required services. The listing commission is split between BK Global Real Estate Services and the local broker.

For these fees, both BK Global Real Estate Services and the local broker share in the duties that are required to conduct a consented sale in bankruptcy.

BK Global Real Estate Services' services include, but are not limited to, the following:

- Researching the real estate, running title and lien searches to identify creditors for resolution and any title issues;
- Advising the trustee of any issues and discuss potential resolutions;
- Conducting the resolutions under the trustee's direction;
- Assisting the trustee in the collection of documents and information for employment;
- Making contact with the secured creditor(s);
- Notifying them of the upcoming sale and identifying servicer requirements;
- Assisting the trustee in establishing market value and negotiating with the servicer an acceptable sales price and establishing a carve-out;
- Development of online marketing, email campaign and full nationwide marketing services;
- Conducting on online sale;

- Use of the technology platform;
- Assist the trustee in the review of all offers and coordinate ·the final documentation of the offer accepted by the trustee;
- Managing contract requirements such as inspections, appraisals and HOA applications;
- Coordinating closings and assisting the trustee in the collection of required information for court filing; and
- Closing the transaction and ensure the estate has received the appropriate funds.

Local broker services include, but are not limited to:

- Inspecting the property and completing a broker's price opinion;
- Listing the property in the multiple listing service (MLS); and
- Posting a for sale sign in the yard and coordinating showings.

U.S. Bankruptcy Court Districts where BK Global Real Estate Services conducted Consented Sales:

- Eastern District of Arkansas
- Central District of California
- Eastern District of California
- Southern District of California
- District of Colorado
- District of Connecticut
- Middle District of Florida
- Southern District of Georgia
- District of Hawaii
- Northern District of Illinois
- Northern District of Indiana
- Southern District of Indiana
- Western District of Kentucky
- Eastern District of Louisiana
- Middle District of Louisiana
- Western District of Louisiana
- District of Massachusetts
- District of Maryland
- Eastern District of Michigan
- Eastern District of North Carolina
- District of New Jersey
- District of Nevada
- Eastern District of New York
- Northern District of  Ohio
- Southern District of  Ohio
- District of Oregon

- Eastern District of Pennsylvania
- Middle District of Pennsylvania
- Western District of Pennsylvania
- Northern District of Texas
- Western District of Texas
- Western District of Washington

Label Matrix for local noticing
113C-0
Case 18-24646-RBR
Southern District of Florida
Fort Lauderdale
Wed Feb 20 11:21:16 EST 2019

Nationstar Mortgage LLC d/b/a Mr. Cooper
c/o Frenkel Lambert et al
One East Broward Blvd., Suite 1430
Fort Lauderdale, FL 33301-1844

Action Supply Inc
1413 Stagecoach Rd
Ocean View NJ 08230-1305

Aurora Loan Services LLC
10359 park Meadow Drive
Suite 200
lone tree CO 80124

(p)BANK OF AMERICA
PO BOX 982238
EL PASO TX 79998-2238

Bank Of New York
225 Liberty Street
NY NY 10286-0001

Capital Bank USA NA
PO Box 30281
Salt lake city UT 84130-0281

Credit First
PO Box 81315
Cleveland OH 44181-0315

Credit One Bank
PO Box 98872
Las Vegas NV 89193-8872

Flaster Greenberg
1810 chapel ave
West Cherry Hill NJ 08002-4618

Google Inc
1600 Amphitheater Parkway
Mountain view CA 94043-1351

Margate Water And Sewer Utility
9001 Winchester Ave
Margate NJ 08402-1239

Mercantile Adjustments bureau LLC
165 Lawrence Bell Drive South Suite
100
Willaimsville NY 14221-7900

Midland funding LLC
PO Box 2001
Warren MI 48090-2001

Nationstar Mortgage LLC
PO Box 650783
Dallas Texas 75265-0783

New Penn Financial D/B/A Shell
point Mortgage Servicing
75 Beatie place
greensville SC 29601-2155

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130-1614

Pioneer credit recovery Inc
26 Edward Street
Arcade NY 14009-1012

Port Royale Apts
3300 Port Royale Drive
Fort Lauderdale FL 33308-7919

SYNCB/Care Credit
PO Box 965036
Orlando FL 32896-5036

Trystone Capital LLC
1874 Marlton Pike East #7
Cherry Hill NJ 08003-2039

Wildwood Glass Company
2505 New Jersey Ave
North Wildwood NJ 08260-2557

Chad S. Paiva
trustee@gmlaw.ccm
525 Okeechobee Blvd., Suite 900
West Palm Beach, FL 33401-6306

Michael A Pagano
3209 North East 10 St #4
Pompano Beach, FL 33062-3930

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Bank Of America NA
PO Box 982238
EI Paso TX 79998

End of Label Matrix
Mailable recipients        23
Bypassed recipients         0
Total                      23